**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LDK SOLAR SYSTEMS, INC.,<br><br>      Debtor.<br><br>Tax ID No. 37-1742944 | Chapter 11<br><br>Case No. 14-12384 (____) |
| In re:<br><br>LDK SOLAR USA, INC.,<br><br>      Debtor.<br><br>Tax ID No. 61-1520488 | Chapter 11<br><br>Case No. 14-12385 (____) |
| In re:<br><br>LDK SOLAR TECH USA, INC.,<br><br>      Debtor.<br><br>Tax ID No. 45-1963978 | Chapter 11<br><br>Case No. 14-12386 (____) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT
ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES**

    The debtors and debtors in possession (each a "Debtor" and, collectively, the

"Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases") file this motion

(this "Motion"), pursuant to section 105(a) of chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry

of an order, substantially in the form attached hereto as Exhibit A (the "Order"), directing the

joint administration of these related Chapter 11 Cases and the consolidation thereof for

procedural purposes only.  In support of this Motion, the Debtors rely upon the *Declaration of Jack Kun-Shen Lai in Support of First Day Motions* (the "Lai Declaration"), filed concurrently herewith, and the *Declaration of Tammy Fu in Support of Chapter 11 Petitions* (the "JPL Declaration"), also filed concurrently herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.     On October 21, 2014 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions with this Court under chapter 11 of the Bankruptcy Code.  Additional information regarding the Debtors, their affiliates, their respective assets and operations and these Chapter 11 Cases is set forth in the Lai Declaration, which is incorporated herein by reference.

2.     The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of this date, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

3.     Concurrently with this Motion, the Debtors have also filed motions and applications seeking certain "first day" relief.  Also on the Petition Date, the Debtors filed with this Court (A) *the Joint Prepackaged Plan of Reorganization for LDK Solar Systems, Inc., LDK Solar USA, Inc. and LDK Solar Tech USA, Inc.*, dated as of September 17, 2014, (B) the *Disclosure Statement in Connection with the Joint Prepackaged Plan of Reorganization for LDK Solar Systems, Inc., LDK Solar USA, Inc. and LDK Solar Tech USA, Inc.*, dated September 17, 2014, and (C) the *Motion of the Debtors for Entry of an Order (I) Scheduling Objection Deadline and Combined Hearing on (A) Disclosure Statement; (B) Confirmation of Plan; (C)*

*Approving Solicitation Procedures; (II) Shortening Certain Deadlines in Connection Therewith; (III) Approving Form And Manner of Notice of Combined Hearing on Disclosure Statement, Confirmation of Plan and Solicitation Procedures; (IV) Establishing Procedures For Objecting to the Disclosure Statement and Plan; (V) Waiving the Requirements for (A) Convening a Meeting of Creditors and (B) Filing Schedules of Assets and Liabilities and Statements of Financial Affairs; and (VI) Granting Related Relief.*

4.     In addition, on the Petition Date, the Debtors' ultimate parent company, LDK Solar CO., Ltd. (in provisional liquidation) ("LDK Parent"), commenced a case under chapter 15 of the Bankruptcy Code (the "Chapter 15 Case") by filing a petition with this Court for recognition of its Cayman Islands provisional liquidation as a foreign main proceeding under chapter 15 of the Bankruptcy Code.  Additional information concerning LDK Parent and its global restructuring is set forth in the JPL Declaration, which is incorporated herein by reference.

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).[1]

6.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The statutory and legal predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## RELIEF REQUESTED

8.     By this Motion, the Debtors seek entry of the Order directing the joint

---

[1] The Debtors consent, pursuant to rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.[2]  The Debtors request that the Court maintain one file and one docket for all of the jointly administered Chapter 11 Cases under the case of LDK Solar Systems, Inc. and that the Court administer these Chapter 11 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LDK SOLAR SYSTEMS, INC., et al.,[3] | Case No. 14-12384 (___) |
| Debtors. | Jointly Administered |

9.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of LDK Solar Systems, Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration and procedural consolidation of the chapter 11 cases of LDK Solar Systems, Inc., LDK Solar USA, Inc. and LDK Solar Tech USA, Inc.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the chapter 11 case of LDK Solar Systems, Inc., Case No. 14-12384.

---

[2] In addition to the relief sought herein, the Debtors intend to work with the Clerk of the Court to ensure that the Chapter 15 Case, to the extent reasonably practicable, proceeds substantially concurrently with the Chapter 11 Cases, such that hearings for the Chapter 11 Cases and Chapter 15 Case may be scheduled on or about the same dates and times.  The Debtors believe that such efforts will ease the administrative burden on the Court and provide a significant cost and time savings to the Debtors and their professionals.

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  LDK Solar Systems, Inc. (2944); LDK Solar USA, Inc. (0488); and LDK Solar Tech USA, Inc. (3978).  The mailing address for each Debtor is 1290 Oakmead Parkway, Suite 306, Sunnyvale, California 94805.

10.     The Debtors further request that any creditor filing a proof of claim against any of the Debtors be required to file such proof of claim against the particular Debtor against which such claim is asserted, and not against the lead Debtor in the jointly administered cases, unless such creditor actually holds a claim against LDK Solar Systems, Inc.

## BASIS FOR RELIEF

11.     Bankruptcy Rule 1015(b) provides, in pertinent part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Similarly, Local Rule 1015-1 provides additional authority for the entry of an order directing joint administration of related chapter 11 cases upon the filing of a motion, supported by a declaration that joint administration of two or more pending cases will ease the administrative burden for the Court and the parties.  See Del. Bankr. L.R. 1015-1.  Moreover, Section 105(a) of the Bankruptcy Code also provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

12.     Courts in this District routinely order joint administration of related cases. See, e.g., In re FCC Holdings, Inc., No. 14-11987 (CSS) (Bankr. D. Del. Aug. 27, 2014); In re Source Home Ent'mt, LLC, No. 14-11553 (KG) (Bankr. D. Del. June 24, 2014); In re Coldwater Creek Inc., No. 14-10867 (BLS) (Bankr. D. Del. Apr. 14, 2014); In re Event Rentals, Inc., No. 14-10282 (PJW) (Bankr. D. Del. Feb. 18, 2014); In re Lee Enters., Inc., No. 11-13918 (KG) (Bankr. D. Del. Dec. 13, 2011); In re Tribune Co., No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008).

13.     The three Debtors in these Chapter 11 Cases are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code.  LDK Solar USA, Inc. is the direct parent

of LDK Solar Tech USA, Inc. and holds 80% of the outstanding common stock of LDK Solar

Systems, Inc.[4]  The joint administration of these Chapter 11 Cases will ease the administrative

burden for the Court and the parties.  Many, if not all, of the motions, applications and other

pleadings filed during these Chapter 11 Cases will relate to relief sought jointly by all of the

Debtors.  In addition, joint administration will reduce fees and costs by eliminating duplicative

filings and objections.  Joint administration will also allow the Office of the United States

Trustee for the District of Delaware and all parties in interest to more easily and efficiently

monitor these Chapter 11 Cases.

14.     Joint administration will not adversely affect the Debtors' creditors

because this Motion requests only procedural, and not substantive, consolidation of the Debtors'

related Chapter 11 Cases.  Parties in interest will benefit from the cost savings associated with

the joint administration of these Chapter 11 Cases.  Accordingly, the Debtors submit that the

joint administration of these Chapter 11 Cases is in the best interests of their estates, their

creditors and all other parties in interest.

## NOTICE

15.     Notice of this Motion has been provided to: (i) the Office of the United

States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the

United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the

Debtors' largest unsecured creditors on a consolidated basis; (vi) counsel to the JPLs; and (vii)

counsel to the Consenting Noteholders.  Notice of this Motion and any order entered hereon will

be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested

herein, the Debtors submit that no other or further notice is necessary.

---

[4] The remaining 20% of the outstanding common stock of LDK Solar Systems, Inc. is held by LDK Parent (10%) and LDK Silicon & Chemical Technology Co. Ltd. (10%).

6

## NO PRIOR REQUEST

16.    No prior request for the relief sought herein has been made to this Court or to any other court.

***Signature Page Follows***

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) directing the joint administration of the Chapter 11 Cases pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1 and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      October 21, 2014

SIDLEY AUSTIN LLP
Larry J. Nyhan
Jessica C.K. Boelter
Matthew G. Martinez
Geoffrey M. King
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

   */s/ Robert S. Brady*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Maris J. Kandestin (No. 5294)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

PROPOSED COUNSEL TO THE DEBTORS

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LDK SOLAR SYSTEMS, INC., | Case No. 14-12384 (_____) |
| Debtor. | |
| Tax ID No. 37-1742944 | |
| In re: | Chapter 11 |
| LDK SOLAR USA, INC., | Case No. 14-12385 (_____) |
| Debtor. | |
| Tax ID No. 61-1520488 | |
| In re: | Chapter 11 |
| LDK SOLAR TECH USA, INC., | Case No. 14-12386 (_____) |
| Debtor. | |
| Tax ID No. 45-1963978 | **Re: Docket No. ___** |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the Debtors in these Chapter 11 Cases for
entry of an order directing the joint administration of these Chapter 11 Cases pursuant to section
105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1; and upon
consideration of the Motion and all pleadings related thereto, including the First Day
Declarations; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to
28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United
States District Court for the District of Delaware, dated as of February 29, 2012, (b) this matter is

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was

due and proper under the circumstances; and it appearing that the relief requested in the Motion

is in the best interests of the Debtors' estates, their creditors and parties in interest; and that the

relief requested will reduce the administrative burden for the Court and the parties; and after due

deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that these Chapter 11 Cases shall be (i) jointly administered pursuant

to Bankruptcy Rule 1015(b) and Local Rule 1015-1 and (ii) consolidated for procedural purposes

only; and it is further

ORDERED, that the Clerk of the Court shall maintain one file and one docket for

these Chapter 11 Cases, which file and docket shall be the file and docket for LDK Solar

Systems, Inc., Case No. 14-12384; and it is further

ORDERED, that all pleadings filed in the Debtors' Chapter 11 Cases shall bear a

consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LDK SOLAR SYSTEMS, INC., <u>et al.</u>,[1] | Case No. 14-12384 (___) |
| Debtors. | Jointly Administered |

and it is further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  LDK Solar Systems, Inc. (2944); LDK Solar USA, Inc. (0488); and LDK Solar Tech USA, Inc. (3978).  The mailing address for each Debtor is 1290 Oakmead Parkway, Suite 306, Sunnyvale, California 94805.

ORDERED, that the Clerk of the Court shall make a docket entry in each of the above-captioned chapter 11 cases other than LDK Solar Systems, Inc. substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration and procedural consolidation of the chapter 11 cases of LDK Solar Systems, Inc., LDK Solar USA, Inc. and LDK Solar Tech USA, Inc.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the chapter 11 case of LDK Solar Systems, Inc., Case No. 14-12384.

and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2014          _____
      Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE